

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT ERINGER, | No. 11-56570 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01803-GAF-E |
| v. | |
| | MEMORANDUM[*] |
| PRINCIPALITY OF MONACO, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted June 5, 2013
Pasadena, California

Before:    TROTT and W. FLETCHER, Circuit Judges, and STEIN, District
Judge.[**]

This is an employment dispute between Robert Eringer ("Eringer") and the

Principality of Monaco ("Monaco"). During his employment, Eringer provided a

variety of predominantly intelligence-related services to Monaco and His Serene

Highness Prince Albert II ("HSH"). In this lawsuit, Eringer alleges that he did not

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Sidney H. Stein, District Judge for the U.S. District
Court for the Southern District of New York, sitting by designation.

receive payment for the first quarter of 2008, after which he terminated his employment. Monaco claims sovereign immunity. The district court found in favor of Monaco and dismissed for lack of subject matter jurisdiction. Eringer appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

"The existence of sovereign immunity and subject matter jurisdiction under the Foreign Sovereign Immunities Act of 1976 (FSIA) are questions of law" that we review de novo. *Park v. Shin*, 313 F.3d 1138, 1141 (9th Cir. 2002). A foreign state is immune from suit unless the FSIA provides an exception. 28 U.S.C. § 1604; *Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 434-435 (1989). Eringer contends that his employment falls within the FSIA's commercial activities exception, 28 U.S.C. § 1605(a)(2).

In determining whether an act is "commercial," a term left undefined by the act, we look to whether a state is "exercis[ing] powers peculiar to sovereigns" or "exercis[ing] only those powers that can also be exercised by private citizens." *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 614 (1992) (internal quotation marks omitted). In *Holden v. Canadian Consulate*, 92 F.3d 918, 921 (9th Cir. 1996), we relied on the FSIA's legislative history and stated that "employment of diplomatic, civil service or military personnel is governmental and the employment of other personnel is commercial. Because private parties cannot

2

hire diplomatic, civil service or military personnel, such hiring is necessarily governmental." Eringer argues that we should read this language to mean that only the employment of diplomatic, civil service, or military personnel is non-commercial. Our later caselaw, however, does not support this reading of *Holden*. In *Park*, we considered the same legislative history as *Holden* and treated the list of commercial employment there as exemplary. 313 F.3d at 1145. To determine whether the employment of a domestic servant was commercial, we applied only the general rule that "acts by governmental entities are considered commercial in nature if the role of the sovereign is one that could be played by a private actor." *Id.* (citing *Weltover*, 504 U.S. at 614-15).

Applying this rule to Eringer's employment, we affirm. Eringer's complaint states that Monaco employed Eringer as the "Director of [Monaco Intelligence Services] and . . . its spymaster." According to his own attorneys and affidavit, Eringer's assignments included, inter alia, liaising with other intelligence agencies, investigating potential government appointments, investigating suspicions of corruption and other illegal activity in Monaco, and protecting HSH from improper foreign influence. This employment is not the type of employment private parties can undertake.

**AFFIRMED**.